UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **LAWRENCE WEBSTER,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv0257 AS |
| | ) | |
| **WILLIAM WILSON,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about April 19, 2006, *pro se* petitioner, Lawrence Webster, an inmate at the Westville Correctional Facility (WCF) in Westville, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on October 3, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the WCF in this district. He was the subject of a prisoner disciplinary proceeding entitled cause number WCC 05-12-0258 which sanctioned him for a loss of recreational privileges for 60 days, a $14.00 restitution for follow-up urinalysis, neither of which implicate a liberty interest under *Sandin v. Conner*, 515 U.S. 472 (1995). He was also sanctioned with an earned credit time deprivation of 60 days which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). It appears

that administrative remedies have been exhausted.

There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). Technical violations of the Adult Disciplinary Procedures (ADP) are a species of state law under *Estelle*. Particularly, *see Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997). Generally, a prisoner in these circumstances cannot raise issues for the first time in this court. *See Nelson v. McBride*, 912 F.Supp. 403 (N.D. Ind. 1996).

When it is all said and done, the petitioner has stated no basis here for relief under 28 U.S.C. §2254. The same is now **DENIED**. **IT IS SO ORDERED**.

**DATED:** November 20, 2006

                                                  **S/ ALLEN SHARP**
                                                  **ALLEN SHARP, JUDGE**
                                                  **UNITED STATES DISTRICT COURT**